UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE RAYNARD BURWELL,    ) Case No.
    )
      Plaintiff,    )
    )
      v.    )
    )
WAYNE COUNTY, d/b/a Wayne County    )
Juvenile Detention Center, a political    )
Subdivision of the State of Michigan;    )
WARREN EVANS, in his individual    )
Capacity and official capacity as Wayne    )
County Executive; ASSAD TURFE,    )
Deputy Wayne County Executive, in his    )
individual capacity; MELISSA    )
FERNANDEZ, in her individual capacity    )
as Division Director of Wayne County    )
Juvenile Justice and Youth Services and    )
Chief Administrator of Wayne County    )
Juvenile Detention Center, MARK    )
ROWLAND, in his individual capacity as    )
Deputy Director of Administration for    )
Wayne County Juvenile Detention Facility,    )
BRANDON BARBER, in his individual    )
capacity as Facility Director of the Wayne    )
County Juvenile Detention Facility, JANE    )
DOE1, in her capacity as Operations Director    )
of the JDF; KIRKPHEOUS STEWART, in his    )
individual capacity as the Wayne County    )
Juvenile Detention Center Deputy Director of    )
Operations; JDF STAFF MEMBER, MR.    )
WHITE, in his individual capacity, JDF STAFF    )
MEMBER, MR. JOHNSON, in his individual    )
capacity, JDF SUPERVISOR1, in his individual    )
capacity; JANE DOE 2 (JDF Juvenile Detention    )
Specialist) in his or her individual capacity; DOE    )
3 (JDF Team Leader/Supervisor), in his or her    )

individual capacity; ELIZABETH HERTEL in her )
capacity as the Director of the Michigan )
Department of Health and Human Services; )
DEMETRIUS STARLING, in his individual )
capacity as Senior Deputy Director of the )
Department of Health and Human )
Services; STEVE YAGER, in his )
individual capacity as the Executive )
Director of the Division of Child Welfare )
Licensing of the Michigan Department )
of Health and Human Services; ASHLEIGH )
BROTHERSON, in her individual capacity )
as a Licensing Consultant for the Michigan )
Department of Health and Human Services; )
VIVIAN MALLECK, in her capacity as a )
Licensing Consultant for the Michigan )
Department of Health and Human Services; )
CHRISTOPHER BARR, in his individual )
capacity as a Licensing Consultant for the )
Michigan Department of Health and Human )
Services. )
                         Jointly and severally, )
                         Defendants, )
_____)

## **COMPLAINT AND JURY DEMAND**

Now comes the Plaintiff, Terrance Raynard Burwell, by and through his attorneys, Bertram L. Marks Esq. and Steven W. Reifman and the Reifman Law Group P. L. L. C. and states in support of his Complaint the following:

## **JURISDICTION AND VENUE ARE PROPER**

1. This is a civil action brought pursuant to 42 USC Sect. 1983, seeking monetary damages against the Defendants for violation of Plaintiff's right to

be free from cruel and unusual punishment under the 8th Amendment as well as his due process rights under the 14th Amendment of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. sect. 1331, which authorizes federal courts to decide cases concerning federal questions, and 28 U.S.C. Sect. 1343 (a)(3) and (4) which authorizes federal courts to hear civil rights cases. This Court has some personal jurisdiction over the Defendants named herein as public officials of Wayne County, Michigan, and the State of Michigan sued in their official and individual capacities for violations of Plaintiff's statutory and constitutional rights.

3. Venue is proper in this Court as the events giving rise to the action occurred in the Eastern District of Michigan, Defendants conduct their business across the State, including in the Eastern District of Michigan and the named Plaintiff resides in Wayne County, Michigan.

## INTRODUCTION

4. This case is brought by Plaintiff Terrance Raynard Burwell, a minor at the time he was brutally injured. This cause of action arises from the unconstitutionally cruel and unusual conditions that Plaintiff was subjected to while detained in the Wayne County Juvenile Detention Facility/William Dickerson Juvenile Detention Facility (hereinafter, "JDF") during the years

of 2018 through 2022. During his detention, Plaintiff was subjected to sexual and physical abuse from two adult employees, herein named as Defendants Mr. White, and Mr. Johnson. These Defendants worked the morning and afternoon shifts respectively, causing Plaintiff to suffer abuse for entire days at a time. While both Defendants have been discharged from employment at the JDF, the harm they inflicted on the Plaintiff is abhorrent.

## FACTUAL PREDICATE

5. Plaintiff incorporates paragraphs 1-4 as though fully set forth herein.

6. Plaintiff was originally detained at the JDF in 2018 at the age of 14 years old for a domestic violence incident in which his mother claimed that he was a threat to her physical safety.

7. Plaintiff, prior to his detention and sexual assault, loved reading, playing basketball, and video games.

8. Upon being detained at the JDF, Defendants kept detainees on 24-hour lock down.

9. Defendant Johnson began entering Plaintiff's room alone immediately upon his arrival at JDF.

10. The two Defendant employees Mr. White and Mr. Johnson worked in tandem to sexually assault the Plaintiff at different times.

11. Defendant White appeared in the Plaintiff's single person cell with drinks that smelled of alcohol, sweetened tea, candy and other treats that the detainees could not obtain on their own.

12. Both Defendant White and Johnson forced the Plaintiff to perform oral sex and forcibly anally raped the Plaintiff on so many occasions, the Plaintiff lost count.

13. Plaintiff was in and out of the JDF facility from 2018 through 2020. Plaintiff experienced his 15th, 16th and 17th birthdays from within the JDF.

14. Defendant Johnson often attacked the Plaintiff while he was in the shower where he would sexually assault the Plaintiff.

15. Defendant Johnson would force Plaintiff into an isolated shower by labeling him a 'troublemaker" in order to get him away from other detainees and out of the sight of the camera. Once there, he would forcibly perform oral and anal sex on the Plaintiff and force oral sex upon the Plaintiff.

16. Plaintiff was warned by both Johnson and White that if he told anyone of their sexual assaults and rape, they would see to it he was escalated to a maximum-security prison for adults such as "Cali Mac" or "Spectrum".

17. In an effort to maintain his silence, Plaintiff also was threatened with being placed in solitary confinement.

18. Other efforts to silence Plaintiff involved granting him privileges other inmates could not have.

19. From the time Plaintiff was a 14-year-old child, up until the time he was a 17-year-old child, Defendants Johnson and White repeatedly raped and assaulted the Plaintiff, subjecting him to pain, suffering, humiliation, fear and trauma.

20. Defendants Johnson and White were known by JDF officials to have several allegations of assault, neglect, and duty failures throughout their tenure with the JDF. This included their proclivity toward pedophilia.

## LEGAL PREDICATE

21. It is a well settled principle of the Constitution of the United States of America as well as the Michigan Constitution that detention officials must ensure detainees receive adequate food, clothing, shelter, and medical care. Detention officials are also required to take reasonable measures to guarantee the safety of the youthful detainees. In *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S. Ct. 1970, 1976, 128 L.Ed 2d 811 (1994) (citations omitted), our nations' highest court held that the Eighth Amendment, "imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." This is a clear mandate and duty and said duty includes "a

duty…to protect prisoners from violence at the hands of other prisoners." Id (quoting *Cortes-Quinones v. Jimenez-Nettleship,* 842 F.2d 556,558 (CA1), cert. denied, 488 U.S. 823 (1988) and Wilson v. Seiter, 501 U.S. 294, 303 (1991). Courts have necessarily extended this protection to include those who have authority over others. "As a rule, officials and all those who share authority over others, not only have a moral responsibility to ensure those under their rule and authority are doing their job and what's expected of them, and these same officials have a constitutional responsibility and obligation to make sure those under them are doing their job as professionally and efficiently as possible.

22. The Defendants failed to take any measures that could be deemed reasonable to protect Plaintiff from the unprofessional, reckless, despicable conduct of the employees serving under them. These officials had a duty to protect youthful detainees from violence at the hands of corrupt, morally degenerate sexual predators working under the color of law. *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (CA1), cert. denied, 488 U.S. 832 (1988); see also *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

23. At the time the event of Plaintiffs' sexual violation occurred, all reasonable officials in Defendant's position would understand, and the Defendants in this

action did in fact understand that their actions alleged in this complaint violated the Plaintiff's clearly established constitutional inalienable rights.

24. The Wayne County Juvenile and Youth Services Department administers the County's juvenile justice system of care. The Department's responsibilities include detention, custody, care and services for juveniles detained and have had formal contact with the Family Division of the Wayne County Third Circuit Court.

25. The Wayne County Defendants, sued in their individual capacities for actions taken under color of law, are responsible for the operations of the JDF and ensuring the protection, safety, health, and well-being of the youth housed in the facility.

26. The MDHHS Defendants, sued in their capacities for actions taken under color of law, are charged with overseeing the JDF, licensing facility, monitoring the facility to ensure that the JDF provides proper care and protection to the youth housed in it.

27. The MDHHS, JDF, and other agents and agencies connected to juvenile detention in Wayne County have a pattern and practice of subjecting juveniles detained in the JDF to egregious, dangerous and flagrant conditions which deprived Plaintiff and others of their rights, privileges, and immunities secured and protected by the Constitution of the United States in violation of

the Civil Rights of Institutionalized Persons Act, 42 U.S.C. Sect. 1997 a ("CRIPA").

28. Plaintiff, pursuant to 42 USC Sect. 1983, had his Eighth and Fourteenth Amendment rights violated when he was sexually assaulted by two staff members of the JDF at the ages of 14, 15, 16, and 17.

29. Defendants, including the municipal defendant Wayne County and the State Defendant MDHHS, were on notice that detaining youth without regard to their vulnerable status subjects youthful detainees to heightened and substantial risk of harm, including but not limited to physical and sexual violence and sexual harassment by staff of the JDF but did nothing to abate the risk and in fact, disregarded the risk with deliberate indifference to Plaintiff's health and welfare.

30. Defendants' policies, customs, and practices and their actions and inactions created a sexually hostile detention environment where the predictable but preventable happened when in 2018 the Plaintiff was forced to give oral sex and was anally raped by two staff members of the JDF.

31. After Plaintiffs' physical and sexual assaults, Wayne County Executive, Warren Evans, issued a Public Emergency Order regarding the conditions at JDF on March 22, 2023, stating:

"The situation has become untenable for nearly 140 youth that are currently residing there. Extraordinary action has become necessary, which is why today I'm calling for a public health state of emergency.

32. No such mandate was in place during Plaintiff's detention at the JDF. The horrible conditions that led to Plaintiff's assault continue to exist after his release and up until present day.

33. Wayne County failed to conduct a criminal background history of the two staff Defendants who were responsible for supervising, monitoring, and protecting the Plaintiff.

34. According to information and belief, the 2 JDF staff Defendants each had a history of poor work performance, sexual misconduct and or had been charged with crimes involving sexual violence or sexual misconduct.

35. As a result of the physical and sexual assaults, Plaintiff sustained severe traumatic physical and psychological injuries.

36. Defendants had actual and constructive notice that the conditions of the JDF were such that if corrective actions were not taken, it was substantially certain that youth in the facility would sustain harm, cruel and unusual conditions, a sexually hostile environment where the JDF employed sexual predators would be created, and serious injury, including but not limited to severe physical and sexual assaults would occur.

37. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and permanent traumatic physical and psychological damages, including physical injuries to his entire body, a permanent loss of trust in authority figures and in those who are responsible for protecting his safety and welfare, and has lost his earning capacity.

38. The Defendant policymakers violated the Plaintiff's Fourteenth and Eighth Amendments by implementing policies that were deliberately indifferent to the health and welfare of the Plaintiff where there was a significant high risk of sexual and other assault from predator employees which would foreseeably lead Plaintiff to being physically and sexually assaulted. They created and ratified customs and practices that resulted in the violation of the Plaintiff's rights. These policies and customs include but are not limited to:

   A. Confining minors for extended periods of time with pedophilic predators.

   B. Failing to conduct initial and periodic background checks on employees.

   C. Failing to properly supervise employees by allowing alone time with children.

39. The policymaker Defendants are individually liable for the unconstitutional conditions at the JDF and are responsible for establishing unconstitutional policies that caused harm to the Plaintiff.

40. The MDHSS and Wayne County JDF administrators, managers, and supervisors violated Plaintiff's Eighth and Fourteenth Constitutional rights by creating inhumane conditions at the JDF.

41. Wayne County JDF staff members violated the Plaintiff's rights under the Eighth and Fourteenth Amendments by forcibly sexually assaulting and raping him while he was confined to the JDF.

42. The Defendant policy makers and consultants had sufficient knowledge including regulations established in PREA and through its own internal policies and correctional knowledge that minor children such as Plaintiff was at substantial risk of harm and yet they failed to adequately protect Plaintiff.

43. The deprivation of constitutional rights and the injuries and harm to Plaintiff in this Complaint are the direct result of official policy, custom and practices of Wayne County and MDHHS Policymakers and administrative and management Defendants.

44. The Wayne County and JDF administrators, managers, and staff employees and all Defendants violated Plaintiffs' Eighth and Fourteenth Constitutional rights by creating inhumane conditions at the JDF by failing to enforce rules

and regulations that would have prevented adult employees from having access to inmates free from oversight and prevented sexual assaults.

45. All Defendants by their actions and failure to act violated the Plaintiff's rights under the Eighth and Fourteenth Amendments by their deliberate indifference in providing oversight of staff employees to identify obvious violations of rules and regulations that were foreseeably led to inhumane conditions for the Plaintiff and Plaintiff being subject to sexual violence.

46. The deprivation of constitutional rights and the injuries and harm to the Plaintiff in this Complaint are the direct result of official policy, customs, and practices of all Defendants.

## COUNT I – VIOLATION OF PLAINTIFFS' 14th AMENDMENT RIGHTS

47. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if set forth fully herein.

48. This case arises out of periods of detention in which Plaintiff was housed as a detainee in the JDF.

49. Under the Fourteenth Amendment, juvenile detention officials are required to provide for the reasonable health and safety of youth in their custody as detainees.

50. During Plaintiff's detention, Defendants violated Plaintiff's due process rights by subjecting him to inhumane conditions of detainment and failing to adequately safeguard his health and safety resulting in Plaintiff being subjected to deplorable and inhumane detention conditions and being sexually assaulted by adult male staffers.

51. Defendants' actions were deliberate, not accidental, and were reckless in the face of an unjustifiably high risk of harm that was either known to Defendants, or so obvious it should have been known.

52. Defendants put Plaintiff at a substantial risk of harm, without taking reasonable steps to abate that risk, and by failing to do so caused the Plaintiff's injuries.

53. Reasonable people in Defendants' positions and capacities in these circumstances described herein, would have appreciated the high degree of risk involved and the obvious consequences of their intentional conduct of placing Plaintiff into detention alone with adult male staffers and the opportunity and propensity of these staffers to isolate Plaintiff and sexually abuse him, yet Defendants did not take reasonable available measures to abate that risk.

54. Defendants caused the Plaintiffs' harm and injuries by not taking reasonable measures to monitor the activities of the adult staff employees and to intervene

when there were indications that Plaintiff was being subjected to physical and sexual abuse under the care of the adult male staffers.

55. The Defendants were aware of sexual abuse prior to the assault on Plaintiff and after the assault by staff against minor detainees when a State Monitor was found to have sexually assaulted a 15-year-old boy inside the Wayne County JDF.

56. The conditions Plaintiff was subjected to amounted to cruel and unusual punishment and an express intent to punish on the part of Defendants and or the conditions of detainment were not rationally related to a legitimate governmental objective and or were excessive in neglect as it relates to that purpose.

57. Defendants violated the Plaintiffs' constitutional rights.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendants in an amount in excess of $1,000,000.00 exclusive of costs, interest, attorney fees, and punitive and/or exemplary damages.

## COUNT II - VIOLATION OF PLAINTIFF'S 8th AMENDMENT RIGHTS

58. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if set forth fully herein.

59. The Eighth Amendment to the United States Constitution, as incorporated in and enforced against Defendants through the Fourteenth Amendment as well as through 42 U.S.C. Sect. 1983, provides detainees the right to be free from cruel and unusual punishment.

60. Under the Eighth Amendment, "prison officials have a duty…to protect prisoners from violence at the hands of other prisoners." *Farmer Supra*, 511 U.S. at 833.

61. The Prison Rape Elimination Act (PREA) is a federal law that aims to eliminate sexual assault in detention centers.

62. PREA establishes a zero-tolerance standard for incidence of prison rape within any confinement facility of a federal, state or local government.

63. The Defendants have failed to ensure a safe and humane environment for the Plaintiff.

64. The Defendants failed to properly treat the sexual abuse of Plaintiff by staff as a crime and to investigate allegations in violation of departmental policy and institutional rules.

65. Accordingly, Defendants, as supervisors, direct participants, and policy makers for Wayne County and the MDHHS, have violated Plaintiff's rights under the Eighth Amendment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter Judgment in his favor and against Defendant in an amount in excess of $1,000,000.00 exclusive of costs, interest, attorney fees, and punitive and/or exemplary damages.

## COUNT III - VIOLATION OF PLAINTIFFS' RIGHTS UNDER 42 U.S.C. SECT. 1983

**Failure to Train, Failed Policies and Practices, Failure to Supervise and Deliberate Indifference to the Needs of a Minor in Detention.**

66. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

67. Pursuant to 42 U.S.C. Section 1983, as well as the Fourteenth and Eighth Amendments to the United States Constitution, Defendants owed Plaintiff duties to properly supervise, monitor and train the administrators, managers, supervisors and staff (especially those having access to minors) and supervise minors so that they would be able to prevent physical and sexual assaults committed on them by adult staffers.

68. Defendants have maintained a custom and policy of improper training and neglectful supervision of employees. Defendants are not protected by governmental immunity when following a policy that deprives individuals of their constitutional rights.

69. Defendants were well aware of previous incidents where youthful detainees who were detained at the JDF were physically and sexually assaulted by adult staffers and by other detainees.

70. Defendants were aware of the custom and practice of JDF supervisors failing to keep youthful detainees within their line of sight and preventing adult staffers from being alone with detainees and not intervening when youthful detainees complained of sexual assaults by staff members.

71. The Defendants failed to sufficiently staff the JDF with a safe and proper ration of staff to detainees to prevent staffers from being alone with detainees without supervision.

72. Defendants failed to monitor their detention staff to ensure that they were adequately monitored and supervised so that vulnerable detainees such as Plaintiff were not subjected to physical abuse.

73. Defendants failed to fully investigate and monitor staff who did not abide by its policies and procedures relative to ensuring the safety of youthful detainees.

74. Defendants developed a hands-off policy and or custom with respect to the rogue activities of JDF staff which encouraged staff to believe they could sexually assault detainees without consequence due to Defendants explicit or tacit approval of the Defendant staff actions.

As a direct and proximate result of the conduct of the Defendants mentioned herein, including the omissions of Defendants and failure to properly supervise JDF staff, the Plaintiff has suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, including punitive damages under 42 U.S.C. Sect. 1983, in excess of $1,000,000.00 together with interest costs and attorney's fees.

Respectfully Submitted,



REIFMAN LAW FIRM, PLLC

BY:    /s/ *Bertram l. Marks*

BERTRAM L. MARKS (P47829)
STEVEN W. REIFMAN (P25208)
Attorneys for Plaintiff
4000 Town Center, Ste. 1350
Southfield, MI 48075
(248) 932-4000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE RAYNARD BURWELL,     ) Case No.
                                             )

        Plaintiff,                )

                                         )

        v.                       )

                                       )

WAYNE COUNTY, d/b/a Wayne County    )
Juvenile Detention Center, a political    )
Subdivision of the State of Michigan;    )
WARREN EVANS, in his individual    )
Capacity and official capacity as Wayne    )
County Executive; ASSAD TURFE,    )
Deputy Wayne County Executive, in his    )
individual capacity; MELISSA    )
FERNANDEZ, in her individual capacity    )
as Division Director of Wayne County    )
Juvenile Justice and Youth Services and    )
Chief Administrator of Wayne County    )
Juvenile Detention Center, MARK    )
ROWLAND, in his individual capacity as    )
Deputy Director of Administration for    )
Wayne County Juvenile Detention Facility,    )
BRANDON BARBER, in his individual    )
capacity as Facility Director of the Wayne    )
County Juvenile Detention Facility, JANE    )
DOE1, in her capacity as Operations Director    )
of the JDF; KIRKPHEOUS STEWART, in his    )
individual capacity as the Wayne County    )
Juvenile Detention Center Deputy Director of    )
Operations; JDF STAFF MEMBER, MR.    )
WHITE, in his individual capacity, JDF STAFF    )
MEMBER, MR. JOHNSON, in his individual    )
capacity, JDF SUPERVISOR1, in his individual    )
capacity; JANE DOE 2 (JDF Juvenile Detention    )
Specialist) in his or her individual capacity; DOE    )
3 (JDF Team Leader/Supervisor), in his or her    )

individual capacity; ELIZABETH HERTEL in her )
capacity as the Director of the Michigan )
Department of Health and Human Services; )
DEMETRIUS STARLING, in his individual )
capacity as Senior Deputy Director of the )
Department of Health and Human )
Services; STEVE YAGER, in his )
individual capacity as the Executive )
Director of the Division of Child Welfare )
Licensing of the Michigan Department )
of Health and Human Services; ASHLEIGH )
BROTHERSON, in her individual capacity )
as a Licensing Consultant for the Michigan )
Department of Health and Human Services; )
VIVIAN MALLECK, in her capacity as a )
Licensing Consultant for the Michigan )
Department of Health and Human Services; )
CHRISTOPHER BARR, in his individual )
capacity as a Licensing Consultant for the )
Michigan Department of Health and Human )
Services. )
                         Jointly and severally, )
                         Defendants, )
_____)

## JURY DEMAND

Now comes the Plaintiff, Terrance Raynard Burwell, through his Attorneys,

Bertram L. Marks and Steven W. Reifman and hereby request a trial by jury.

Respectfully Submitted,



REIFMAN LAW FIRM, PLLC

BY:     /s/ *Bertram l. Marks*

BERTRAM L. MARKS (P47829)
STEVEN W. REIFMAN (P25208)
Attorneys for Plaintiff
4000 Town Center, Ste. 1350
Southfield, MI 48075
(248) 932-4000

Dated: September 12, 2024